UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JULIO JACINTO RUEDA,

Petitioner,

v.

GREGORY J. ARCHAMBEAULT, ET AL.,

Respondents.

Case No. 3:26-cv-04573-RFL-BJW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Julio Enrique Jacinto Rueda, a citizen of El Salvador, entered the United States in 2012. (Dkt. No. 1 (“Pet.”) ¶ 14.) Petitioner was arrested by Border Patrol on December 14, 2025, and has been held in immigration custody ever since. (*Id.* ¶ 2; Dkt. No. 11 ¶ 7.) On July 1, 2026, Petitioner was ordered removed after presenting an asylum claim to an immigration judge. (Pet. ¶ 2.) He has since appealed that order. (*Id.* ¶ 41.) Petitioner initiated this action on August 10, 2026, requesting either immediate release or the provision of a bond hearing. (*See id.* at 14–15.) One week later, on August 17, Respondents provided Petitioner with a bond hearing before an immigration judge. (Dkt. No. 4-1.)

Both parties presented evidence and argument at the bond hearing. (Hearing Recording at 2:03–4:15.) Petitioner argued, through counsel, that he has lived in the United States since he was 11 years old, and that he has a fixed address, family support, strong community ties, limited immigration history, and no criminal history. (*Id.* at 4:30–6:35.) The government argued that Petitioner lied about his status to Border Patrol officers, and that he drove away from the officers after his encounter, leading to a high-speed chase of 70 to 80 miles per hour during which Petitioner ran a red light. (*Id.* at 6:36–7:19.) The government argued that this incident, along with Petitioner’s prior removal order, rendered Petitioner a danger to the community and flight risk. (*Id.* at 7:20–7:39.) Petitioner responded, highlighting that the incident was Petitioner’s first

and only interaction with immigration or law enforcement officials, that Petitioner appeared afraid during the interaction, and that his behavior was the result of fear, instead of an intent to evade prosecution. (*Id.* at 7:51–8:17.) Petitioner also emphasized that his removal order was under appeal. (*Id.*) The immigration judge held that Petitioner's "actions when encountered by a law enforcement of fleeing and running a red light do indicate that he poses a danger to the community and make it so that he has not carried his burden of proof" and that "this information demonstrates that he is an extreme flight risk such that no bond is appropriate." (*Id.* at 8:27–9:00.) The immigration judge denied Petitioner's request for a bond, indicating that Petitioner "failed to demonstrate that he is not a danger to the community and flight risk." (Dkt. No. 4-1) Petitioner now requests a second bond hearing in which the government bears the burden of proof. (*See* Dkt. No. 11 ¶ 7.)

Petitioner argues that the bond hearing was deficient because the government should have borne the burden of proof based on Petitioner's prolonged detention status. However, Petitioner has not shown sufficient "risk of erroneous deprivation" to warrant relief under the three-part procedural due process balancing test from *Matthews v. Eldridge*, 424 U.S. 319 (1976). Although the immigration judge held that Petitioner failed to meet his burden, she did so based on evidence presented by the government. Petitioner has not shown how this determination would have differed if the government bore the burden. Nor has Petitioner shown that he would offer any additional evidence or argument at a subsequent hearing. Without more, Petitioner has failed to show that due process requires a second hearing, which the Court understands to be his only remaining grounds and request for relief. The Petition for Writ of Habeas Corpus is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: October 2, 2026

RITA F. LIN
United States District Judge